IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEREMY D. VALERIO,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | HONORABLE RENÉE MARIE BUMB<br><br>Civil Action<br>No. 16-3674(RMB)<br><br>**OPINION** |

## I. INTRODUCTION

Jeremy D. Valerio ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 1, 3.) The United States of America ("Respondent") opposes the motion. (ECF No. 7.) Petitioner timely filed a reply brief. (ECF No. 8). For the reasons discussed herein, the Court will dismiss Petitioner's motion as time-barred. No certificate of appealability shall issue.

## II. BACKGROUND

On June 26, 2003, Petitioner pled guilty to conspiracy to discharge an explosive bomb during a drug trafficking crime in violation of 18 U.S.C. § 924(o) and discharging an explosive bomb during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (ECF No. 3 at 2.) At sentencing, the Court determined that Petitioner had two prior New Jersey convictions

that constituted "crimes of violence." (Id.) One of those convictions came on June 8, 1993, for Third Degree Burglary under N.J. STAT. ANN. 2C:18-2 and Aggravated Assault—Simple Assault Plus under N.J. STAT. ANN. 2C:12-1b(5). (Id.) The other was a May 6, 1997 conviction for Third Degree Burglary, also under N.J. STAT. ANN. 2C:18-2. (Id.) The Court also determined that the crime for which Petitioner was presently being sentenced constituted a "crime of violence." (Id.) Therefore, the Court found that Petitioner was a career offender under the then-mandatory Sentencing Guidelines. (Id. at 2-3.) Resultingly, Petitioner's Guideline range was 271 to 308 months' imprisonment. (Id. at 3.) If not for the career offender finding, Petitioner's Guidelines range would have been 171 to 183 months' imprisonment. (Id.) The Court sentenced Petitioner to 271 months' imprisonment. (Id.)

Petitioner did not file a direct appeal. (ECF No. 7 at 2.) He filed his first § 2255 motion on October 18, 2004, alleging that he received ineffective assistance of counsel during his plea and sentencing proceedings and that his sentence violated the Sixth Amendment under Blakely v. Washington, 542 U.S. 296 (2004). (Id.) The Court denied that motion on November 9, 2005. (Id. at 3.)

On June 26, 2015, the Supreme Court decided Johnson v. United States. 135 S. Ct. 2551 (2015). Johnson, which will be discussed in more detail below, held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Id. at

2

2563. In 2016, the Supreme Court held that Johnson was retroactively applicable on collateral review. Welch v. United States, 136 S. Ct. 1257, 1264 (2016).

On May 5, 2016, Petitioner filed an application for leave to file a second or successive § 2255 motion in the Third Circuit Court of Appeals. (ECF No. 1 at 5.) Initially, the Third Circuit stayed Petitioner's case pending further order of the Court. (Id., Attach. 2.) On November 2, 2017, the Third Circuit granted Petitioner permission to file a second or successive § 2255 motion. (ECF No. 3 at 1.) While the application for leave was pending, Petitioner filed the present motion on June 22, 2016. (Id.) Petitioner contends that the motion was timely because it was filed within one year of Johnson, pursuant to 28 U.S.C. § 2255(f)(3). (ECF No. 1 at 26.) For the reasons set out below, the Court rejects Petitioner's argument and dismisses the present motion as time-barred.

**III.    STANDARD OF REVIEW**

Section 2255 permits a federal prisoner to attack the validity of their conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2018). The Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA") imposes a one-year limitation within which a § 2255 motion must be filed. See id.

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f).

A district court must conduct an evidentiary hearing "where a petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (internal quotation marks omitted). The Court finds that an evidentiary hearing is not warranted here as the record conclusively shows Petitioner is not entitled to relief.

**IV.    ANALYSIS**

Petitioner argues that, because of Johnson, his June 3, 1993 convictions for burglary and aggravated assault and his May 6, 1997 conviction for burglary no longer qualify as "crimes of

4

violence," rendering the career offender provision inapplicable. (ECF No. 1 at 10-18.) Petitioner's judgment of conviction became final in 2003, but the present § 2255 motion was filed within one year of Johnson, see (Docket (Motion filed June 22, 2016)); Johnson, 135 S. Ct. at 2551 (decided June 26, 2015), so he relies on § 2255(f)(3) in this motion, (ECF No. 1 at 2). Determining that Petitioner's motion should be denied as time-barred requires an analysis of Johnson and subsequent cases.

In Johnson, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Johnson, 135 S. Ct. at 2563. The next year, the Supreme Court determined that Johnson was retroactively applicable on collateral review. Welch v. United States, 136 S. Ct. 1257, 1264 (2016). The residual clause of the ACCA is identical to the residual clause of the career offender provision of the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 890 (2017). Nevertheless, the Supreme Court in Beckles held that Johnson did not create a new right as to the residual clause of the Sentencing Guidelines in their advisory form (i.e., post-United States v. Booker, 543 U.S. 220 (2005)). Beckles, 137 S. Ct. at 890. Beckles did not address Johnson's effect on a void-for-vagueness challenge to the Sentencing Guidelines in their mandatory (pre-Booker) form. See id. at 903 n.4 (Sotomayor, J., concurring).

5

The Third Circuit addressed that issue in United States v. Green, 898 F.3d 315 (2018). In that case, the petitioner made the same argument as Petitioner here as to the timeliness of his § 2255 motion. See Green, 898 F.3d at 317-18. The Court noted that, "in light of Beckles, Johnson's holding as to the residual clause in the ACCA created a right only as to the ACCA, and not a broader right that applied to all similarly worded residual clauses, such as that found in the advisory Sentencing Guidelines." United States v. Green, 898 F.3d 315, 321 (3d Cir. 2018). Because Beckles "says nothing about a . . . right to not be sentenced under Sentencing Guidelines, whether advisory or mandatory," the Green Court held that "Johnson did not recognize a right to bring a vagueness challenge to the mandatory Sentencing Guidelines." Id. Since Beckles specifically left that question open, the Supreme Court "certainly has not 'recognized' the right to bring a successful vagueness challenge to the mandatory Guidelines' residual clause." Id. Therefore, the petitioner's motion was untimely. Id.

Here, Petitioner makes the same argument as the petitioner in Green. Since that argument has now been squarely addressed and rejected by the Third Circuit in Green, Petitioner "cannot rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period." Green, 898 F.3d at 321. Therefore, Petitioner's motion is dismissed as time-barred.

## V.     CERTIFICATE OF APPEALABILITY

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000) (emphasis added). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

## VI.    CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is dismissed as untimely under 28 U.S.C. § 2255(f). No certificate of appealability shall issue. An accompanying Order will be entered.

<u>September 9, 2019</u>          <u>s/Renée Marie Bumb</u>
Date                              RENÉE MARIE BUMB
                                  United States District Judge